# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT SCHINDLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 6271 |
| ) | |
| MACY'S RETAIL HOLDINGS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Robert Schindler filed a *pro se* lawsuit against Macy's Retail Holdings, Inc. alleging that Macy's violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and Article 23 of the United Nations' Universal Declaration of Human Rights (UDHR) because Macy's retaliated against him for previously filing an Illinois Department of Human Rights (IDHR) charge against it. Macy's filed a motion to dismiss Schindler's complaint under Federal Rule of Civil Procedure 12(b)(6). The Court dismissed the case for want of prosecution and thus did not rule on the motion to dismiss. Schindler then moved for reinstatement of the case. The Court granted the motion and ordered Schindler to respond to the motion to dismiss. He did not do so. The Court rules on the motion to dismiss in this order.

## Background

On November 8, 2013, Schindler submitted an application for a position at Macy's. He received a conditional offer of employment from Macy's on November 10, 2013. The offer was contingent upon the successful completion of a criminal

background check. The background check showed pending criminal charges against Schindler for criminal defacement of property and electronic harassment. On December 13, 2013, Macy's withdrew Schindler's offer of employment.

On December 19, 2013, Schindler filed an IDHR charge, alleging that Macy's violated section 2-103(A) of the Illinois Human Rights Act by failing to hire him based on his criminal background. Section 2-103(A) provides that "it is a civil rights violation for any employer . . . to inquire into or to use the fact of an arrest or criminal history record information ordered expunged, sealed or impounded under Section 5.2 of the Criminal Identification Act as a basis to refuse to hire . . . ." 775 ILCS 5/2-103(A). The IDHR conducted an investigation and found that "[t]here is evidence of an animus based on an individual's arrest record [and] [t]here is substantial evidence that [Macy's] did not hire [Schindler] based solely on his arrest record." Def.'s Ex. 1, IDHR Investigation Report at 4.

Two years later, in November 2015, Schindler applied for another position at Macy's and was not hired. Schindler believed he was not hired because he had previously filed an IDHR charge against Macy's. He then filed a charge of discrimination with the Equal Employment Opportunity Commission. Schindler alleged, "I believe I have been discriminated against in retaliation for engaging in [a] protected activity . . . ." Def.'s Ex. 2, EEOC Charge. Schindler received his dismissal and notice of rights on March 14, 2016. *Id.*, EEOC Notice of Rights.

On June 16, 2016, Schindler filed this suit against Macy's, alleging that, in November 2015, Macy's failed to hire him because of his color in violation of Title VII and 42 U.S.C. § 1981. Compl. ¶¶ 5, 9. Schindler adds that he contends that Macy's

reason for acting was "not [his] 'color' per se, but [his] underlying unsubstantiated arrest record and its relation to 'color.'" *Id.* ¶ 9. Schindler also alleges that Macy's retaliated against him and that it interfered with his right to work in violation of Article 23 of the UDHR.

Macy's has moved to dismiss Schindler's complaint. It argues that Schindler's Title VII color discrimination claim should be dismissed because he failed to exhaust his administrative remedies. Macy's also argues that Schindler's Title VII and section 1981 color discrimination claims should be dismissed because he has failed to allege that his color was the reason for the challenged hiring decision. Macy's further argues that Schindler's retaliation claims should be dismissed because filing an IDHR charge is not a protected activity under Title VII or section 1981. Finally, Macy's argues that Schindler's UDHR claim should be dismissed because the UDHR is not binding on this Court.

When the Court entered its order reinstating Schindler's case following the earlier dismissal for want of prosecution, it also ordered him to respond to the motion to dismiss. The Court's order stated: "Motion hearing held on 9/22/2016. Motion to amend/correct is granted. Case is reinstated. Response to motion to dismiss is to be filed by 10/24/2016; reply due by 11/7/2016." Order dated Sept. 22, 2016 (dkt. no. 26). Schindler failed to respond to Macy's motion to dismiss within the time ordered or after that date, and he did not request an extension of time. The Court therefore proceeds to rule on the motion.

## Discussion

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

the Court accepts as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss, the complaint must contain enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are liberally construed and are held to a less stringent standard than complaints drafted by lawyers. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015).

**A.   Title VII color discrimination claim - exhaustion of administrative remedies**

As a general rule, a plaintiff cannot bring claims in federal court that "were not included in [his] EEOC charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The exception to this rule "applies to claims that are like or reasonably related to the EEOC charge, and can be reasonably expected to grow out of an EEOC investigation of the charges." *Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003) (internal quotation marks omitted).

Schindler has not exhausted his administrative remedies. Schindler's EEOC charge alleged only retaliation for filing an IDHR charge. There is no basis in the record for a reasonable expectation that an investigation of color discrimination would grow out of Schindler's charge that he had been retaliated against for filing an IDHR charge. The Court therefore dismisses Schindler's Title VII color discrimination claim.

**B.   Section 1981 color discrimination claim**

Section 1981 prohibits race discrimination that inhibits the right "to make and enforce contracts." 42 U.S.C. § 1981(a). Schindler has not alleged facts that would support a color discrimination claim under Title VII or section 1981. Indeed, in his complaint Schindler concedes that Macy's failure to hire him was not based on "'color'

4

per se, but [on the] underlying unsubstantiated arrest record and its relation to 'color.'" Compl. ¶ 9.  Schindler makes no factual allegations, however, that support a relationship between an arrest record and color as applied to his situation.  The Court therefore dismisses Schindler's section 1981 color discrimination claim.

**C.     Title VII and section 1981 retaliation claims**

The courts "apply the same elements to retaliation claims under Title VII and § 1981."  *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009).  Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  To engage in activity protected by Title VII, the complainant "must indicate the discrimination occurred because of sex, race, national origin, or some other protected class."  *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006).

Schindler has not alleged facts that can sustain a retaliation claim under Title VII or section 1981.  Filing an IDHR charge is not an activity protected under Title VII, which only protects an employee who "has made a charge . . . under *this* subchapter."  42 U.S.C. § 2000e-3(a) (emphasis added).  And section 1981 bars "retaliation for opposing racial discrimination."  *Riley v. Elkhart Cmty. Schools*, 829 F.3d 886, 892 (7th Cir. 2016) (citing *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 402-03 (7th Cir. 2007)).  Schindler's IDHR charge alleged a violation of the Illinois prohibition against using an arrest record to turn down an application, not a claim of race discrimination.

For these reasons, the Court dismisses Schindler's retaliation claims.

**D.     UDHR claim**

Finally, Schindler "cannot state a claim under the Universal Declaration of Human Rights" because it is a "non-binding declaration[ ] that provide[s] no private rights of action." *Konar v. State of Illinois*, 327 F. App'x 638, 640 (7th Cir. 2009).

**Conclusion**

For the reasons stated above, the Court grants defendant's motion to dismiss [dkt. no. 15]. Unless plaintiff files by February 22, 2017 a proposed amended complaint that states a viable claim over which the Court has jurisdiction, the Court will enter judgment in favor of defendant.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  February 7, 2017